IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

$32,100 IN UNITED STATES CURRENCY, More or less,

    *Defendant,*
AND

SALVADOR FRANCO,

    *Claimant*.

Case No. 16-1339-EFM-JPO

**MEMORANDUM AND ORDER**

    This is a civil forfeiture action arising out of the seizure of $32,100.00 in United States currency on March 24, 2016. The Government filed a verified complaint against the property alleging that it is subject to forfeiture under 21 U.S.C. § 881(a)(6). In response to this complaint, claimant Salvador Franco filed a Motion to Dismiss (Doc. 10). Because the Court finds that the complaint meets the heightened pleading requirement under the Supplemental Rules, the Court denies Franco's motion.

## I.      Factual and Procedural Background

The Government's verified complaint for forfeiture is supported by the affidavit of Scott Proffitt, Task Force Officer with the Drug Enforcement Administration ("DEA"). Proffitt's affidavit provides as follows. On or about March 24, 2016, Kansas Highway Patrol ("KHP") Trooper Rodney Evinger made contact with the occupants of a parked 2007 Chevy Impala with Nevada registration at the westbound rest area on I-70 near milepost 224 in Kansas. The vehicle's occupants were later identified as Franco and Liliana Ramirez. Franco initially indicated that they were traveling from an unknown city in Missouri to Henderson, Nevada.

During the event, a certified drug detection dog alerted to a known controlled substance being emitted from the car. KHP Trooper Rohr searched the vehicle and found two vacuum-sealed plastic bags under the rear seat containing $32,100.00 in U.S. currency rubber banded into bundles. Ramirez then stated that she and Franco were on a trip to St. Louis to visit Franco's cousin, who just had a baby named "Jovanna." Ramirez said that she was unaware of the currency, that it was not hers, and that it appeared suspicious to her. Ramirez later signed a disclaimer to the currency.

Franco stated that he and Ramirez were on a trip to see his cousin, who just had a baby named "Christian." When asked if the baby was known by any other name, Franco said no. According to Franco, all of the currency was his. He saved it from working, and even though he has a bank account, he keeps his money under his bed at home.

A review of Ramirez's cellular phone showed several photographs of marijuana and large amounts of currency. A certified drug detection canine later alerted to the odor of controlled substances emitting from the currency.

On April 14, 2016, United States Magistrate Judge Birzer found that probable cause existed for the federal seizure of the $32,100.00 and issued a seizure warrant in parallel case no. 16-MJ-6047-GEB. The warrant was executed and the currency was transferred from KHP custody to the U.S. Marshals Service. On August 31, 2016, the Government filed a verified complaint against the currency. About three weeks later, after having reviewed the complaint and supporting affidavit, this Court found that probable cause existed that the defendant currency constitutes money furnished or intended to be furnished in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 886(a). Notice of the action was then given to all known and unknown potential claimants. Franco filed a judicial claim to the currency on October 4, 2016. Three weeks later, Franco filed a Motion to Dismiss. The Government responded to the motion, and Franco did not file a reply. Therefore, the motion is ripe for the Court's consideration.

## II.     Legal Standard

This is an action for civil forfeiture *in rem*, as to which the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions apply.[1] Claimant brings this motion under Supplemental Rule G(8)(b), which allows a claimant with standing to move to dismiss a forfeiture action under Federal Rule of Civil Procedure 12(b)(6).[2] Rule 12(b)(6) allows dismissal

---

[1] Fed. R. Civ. P. Supp. R. A(1)(b). The Supplemental Rules are part of the Federal Rules of Civil Procedure and govern procedures in civil forfeiture actions. *United States v. 51 Pieces of Real Property, Roswell, New Mexico*, 17 F.3d 1306, 1308 n.2 (10th Cir. 1994). The Federal Rules of Civil Procedure also apply to such actions to the extent they are not inconsistent with the Supplemental Rules. Fed. R. Civ. P. Supp. R A(2).

[2] Fed. R. Civ. P. Supp. R. G(8)(b)(1). The parties do not dispute that Franco has standing to bring the motion. Therefore, the Court will not address this requirement in its Order.

if a plaintiff fails "to state a claim upon which relief may be granted."[3]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[4]  All well-pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[5]  Allegations that merely state legal conclusions, however, need not be accepted as true.[6]

The Supplemental Rules impose a heightened pleading requirement, which a forfeiture complaint must meet to survive a Rule 12(b)(6) motion.[7]  Specifically, Supplemental Rule G(2)(f) requires the complaint to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial."  This particularity requirement is "one part of the process which guards against the improper use of [] seizure proceedings."[8]  It is "subject to the general standard that the complaint sufficiently notify the defendant of the incident in dispute and afford a reasonable belief that the claim has merit."[9]

---

[3] Fed. R. Civ. P. 12(b)(6).

[4] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[5] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[6] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] Fed. R. Civ. P. Supp. R G(2)(f).

[8] *See United States v. Mondragon*, 313 F.3d 862, 865 (5th Cir. 2003) (discussing the particularity requirement of Supplemental Rule E(2)(a), which is now codified as Supplemental Rule G(2)(f)) (quoting *Riverway Co. v. Spivey Marine and Harbor Serv. Co.*, 598 F. Supp. 909, 913 (S.D.Ill. 1984)) (internal quotation marks omitted).

[9] *Id.*

### III.     Analysis

Franco argues that dismissal is appropriate because the Government's complaint does not satisfy the heightened pleading requirement of Supplemental Rule G(2)(f).  Franco claims that the complaint contains "virtually no factual allegations" to support a reasonable belief that the Government will be able to meet its burden of proof at trial.  The Court disagrees.

The Government is seeking forfeiture under 21 U.S.C. § 881(a)(6).  Under that section, money that is "furnished or intended to be furnished by any person in exchange for a controlled substance," "traceable to such an exchange," or "used or intended to be used to facilitate any violation of this subchapter" is subject to forfeiture to the United States.[10]  The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983(c), sets forth the Government's burden of proof in a civil forfeiture action.  Under CAFRA, it is the Government's burden to show by a preponderance of the evidence that forfeiture applies.[11]  Although the Government must meet this burden at trial, it is not required to meet it at the pleadings stage.[12]  Both CAFRA and the Supplemental Rules state that a complaint may not be "dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property."[13]

Franco's motion to dismiss unduly emphasizes the Government's burden of proof at trial.  He spends a good portion of his brief discussing a DEA investigatory report that was not attached to the complaint and arguing that one of the key issues before the Court is whether the

---

[10] 21 U.S.C. § 881(a)(6).

[11] 18 U.S.C. § 983(c)(1).

[12] *See United States v. $22,173.00 in U.S. Currency*, 716 F. Supp. 2d 245, 248 (S.D.N.Y. 2010) (stating that on a motion to dismiss, "the issue was one of pleading, not proof at trial[]").

[13] 18 U.S.C. § 983(a)(3)(D); Fed. R. Civ. P. Supp. R. G(8)(b)(ii).

vehicle search was illegal. While the legality of the vehicle search might be an issue for a motion to suppress, it is not an issue for a motion to dismiss. The Government must eventually prove that the $32,100.00 is subject to forfeiture by a preponderance of the evidence, but it is not required to prove it at the pleadings stage.[14] Furthermore, Franco's reliance on the investigatory report is misplaced. The investigatory report is not referred to within the complaint, attached or incorporated by reference to the complaint, or produced by Franco with his motion. Therefore, the Court cannot consider it when analyzing the sufficiency of the Government's complaint pursuant to a motion to dismiss.[15]

Turning to the complaint's factual allegations, the Court concludes that they are sufficient to meet the particularity requirement of Supplemental Rule G(2)(f). The Government alleges that: (1) even though Franco had a bank account, he was carrying $32,100.00 in cash in a vacuum sealed plastic bag and rubber banded into bundles; (2) Ramirez, the other occupant of the vehicle, had photos of a large amount of currency and marijuana on her cell phone; (3) Ramirez was unaware of the cash located in the car and suspicious of the circumstances; (4) Franco's and Ramirez's accounts of their travel history conflicted with each other; and (5) a certified drug K-9 alerted to the odor of controlled substances on the currency. Franco argues that the first and fourth facts listed above are not sufficient because they do not suggest that the

---

[14] *See United States v. $3,294.00 in U.S. Currency*, 2006 WL 1982852, at *4 (D. Utah July 13, 2006) (stating that although the claimant made a number of arguments regarding probable cause and arguing that the government lacked probable cause to initiate forfeiture proceedings, the government need not establish forfeitability of the property until trial).

[15] *See United States v. Sum of $70,990,605.00*, 4 F. Supp. 3d 189, 195-96 n.2 (D.D.C. 2014) (stating that in ruling on a motion to dismiss, the court will only consider facts alleged in the complaint, documents attached as exhibits or referenced in the complaint, and documents upon which the plaintiff's complaint necessarily relies if the document is produced by the defendant in a motion to dismiss); *United States v. 9832 Richeon Ave.*, 234 F. Supp. 2d 1136, 1137 (C.D.Cal. 2002) (concluding that the court may consider exhibits submitted with the complaint, matters that may be judicially noticed, and documents whose contents are alleged in the complaint and whose authenticity no party questions but are not physically attached to the pleading).

currency is related to drug trafficking.  The Court agrees that, individually, these two facts fail to state a claim.  But when analyzed in conjunction with the other facts set forth above, the Government has plead enough to create a reasonable belief that it will be able to meet its burden of proof at trial.[16]  Franco's motion to dismiss is therefore denied.

      **IT IS THEREFORE ORDERED** that Claimant Franco's Motion to Dismiss (Doc. 10) is **DENIED**.

      **IT IS SO ORDERED**.

      Dated this 21st day of March, 2016.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[16] As the government asserts, other courts have upheld forfeiture complaints on facts similar to those alleged here. *See Mondragon*, 313 F.3d at 866 (finding that the following allegations were sufficient to support a reasonable belief that the property is subject to forfeiture: "(1) the large sum of currency in unusual packaging, (2) the hidden compartment where it was stored, and (3) the drug dog alert in the area of the car near the hidden compartment"); *United States v. $1,189,466.00 in U.S. Currency*, 2006 WL 2228939, at *4 (N.D.Ga. Aug. 2, 2006) (upholding a complaint alleging that a drug dog alerted to a large quantity of currency that was packaged in a manner consistent with the drug trade).